UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALTAZAR MENDOZA VARGAS,<br>Petitioner,<br>v.<br>TONYA ANDREWS,<br>Respondent. | No. 1:26-cv-08618-DAD-JDP (HC)<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND TO APPOINT COUNSEL AS MOOT</u><br><br>(Doc. Nos. 2, 3, 4) |

On October 19, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed motions to proceed *in forma pauperis* (Doc. No. 2), for a temporary restraining order (Doc. No. 3), and to appoint counsel (Doc. No. 4). On October 21, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) Respondent was further directed to state any opposition to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of respondent's position in this regard. (*Id.*)

On October 23, 2026, respondent filed an opposition to the pending motion for temporary restraining order. (Doc. No. 8.) Therein, respondent argues that 8 U.S.C. § 1226(a) applies to petitioner and the petition should be denied because petitioner has failed to "complete" a custody redetermination hearing before an immigration judge as he is afforded under the statute and its implementing regulations. (*Id.* at 1.) Respondent has not indicated that it opposes this court ruling directly on the merits of the petition, and the court will do so.

Based on the parties' briefing, the court finds the following facts. Petitioner entered the United States on an unknown date. (Doc. No. 8-1 at 3.) On or about October 8, 2026, petitioner was arrested by ICE after they initiated a traffic stop of a vehicle that petitioner was travelling in. (*Id.*)

The undersigned has previously addressed the exhaustion requirement in the immigration habeas context. *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026). The court incorporates that discussion here and concludes that waiver of the exhaustion requirement by the court is necessary in this case "to avoid further irreparable harm and further delay in vindicating Petitioner's rights." *Giancarlo A.M. v. Cal. City Warden*, No. 1:26-cv-04036-TLN-CSK, 2026 WL 2836725, at *2 n.2 (E.D. Cal. Sept. 22, 2026).

The undersigned has also explained that the government's failure to follow the procedures set forth by 8 U.S.C. § 1226(a) warrants a petitioner's immediate release. *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, *2–3 (E.D. Cal. Aug. 10, 2026). Here, there is no evidence before the court that petitioner was arrested pursuant to a warrant during the traffic stop as required by § 1226(a). Nor does respondent argue that petitioner's warrantless arrest falls within the exception to the warrant requirement set forth in the Immigration and Nationality Act. 8 U.S.C. § 1357(a)(2) (noting that an arrest may be executed without a warrant where the officer has reason to believe that the noncitizen is in the United States in violation of "any such law or regulation" and the noncitizen is likely to escape before a warrant can be obtained). Accordingly, pursuant to the reasoning set

/////

forth in *Zurita Navarro*, the court concludes that petitioner is entitled to habeas relief and will order his immediate release.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Baltazar Mendoza Vargas, A-File No. 240-174-508, from respondent's custody on the same conditions, if any, he was subject to prior to his detention on or about October 8, 2026;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's motions for temporary restraining order and to appoint counsel (Doc. Nos. 3, 4) are DENIED as having been rendered moot by this order granting him habeas relief;
4. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and
5. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 30, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE